Ben-Zvi v. Pak

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                               Chief Judge,
               PETER W. HALL,
               DEBRA ANN LIVINGSTON,
                               Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

REUVEN BEN-ZVI, AS ASSIGNEE, REPRESENTATIVE AND ATTORNEY-IN-FACT FOR AND OF SOON W. CHOI AND SAMUEL PAK, AND SOON W. CHOI AND SAMUEL PAK, INDIVIDUALLY,
               Plaintiff-Appellants,

               -v.-                                                   12-520

BO HI PAK, SUN MYUNG MOON AKA REVEREND MOON, HAK JA HAN MOON, KI SOOK YOON PAK, THE UNIFICATION CHURCH, THE UNIFICATION CHURCH INTERNATIONAL, THE HOLY SPIRIT ASSOCIATION FOR THE UNIFICATION OF WORLD CHRISTIANITY, THE FAMILY FEDERATION FOR WORLD PEACE AND

**UNIFICATION, BRUCE J. CASINO, ESQ.,**
**BAKER HOSTETLER, LLP, AND KATTEN**
**MUCHIN ROSENMAN, LLP,**
        **Defendant-Appellees,**
- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**                    Reuven Ben-Zvi, Bronx, New York.

**FOR APPELLEES:**                     Ted Poretz, Ellenoff Grossman &
                                       Schole LLP, New York, New York;
                                       Jeremy B. Cantor, Joseph Dunne,
                                       Gallo Vitucci Klar LLP, New
                                       York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants Reuven Ben-Zvi, Samuel Pak, and Soon W. Choi appeal from the judgment of the United States District Court for the Southern District of New York (Briccetti, J.), denying plaintiffs-appellants' motion to amend the complaint and granting defendants-appellees' motion to dismiss. The appellants challenge the validity of a release signed by Choi and Pak in 1999, as well as a final arbitration award issued by Judge Colin P. Campbell in 2010 finding that release to be valid, binding, and enforceable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We now take the unusual action of dismissing this appeal nostra sponte.

The only two plaintiffs in this litigation are Samuel Pak and Soon W. Choi; the allegations in the complaint do not involve Reuven Ben-Zvi at all. Nor is he listed as a party in the complaint. It is clear, then, that Ben-Zvi's only role is to represent Pak and Choi in some manner or capacity. Accordingly, the appeal will be dismissed as to Ben-Zvi.

Ben-Zvi's involvement in this appeal creates an additional complication. It is at best unclear whether Ben-Zvi is licensed to practice law in the United States. More to the point, Ben-Zvi's notice of appearance does not certify that he is admitted to practice before this Court, and, indeed, a review of this Court's internal database confirms that he is not. Consequently, Ben-Zvi has no authority to represent Choi and Pak in this litigation. See Local Rule 46.1(a); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[28 U.S.C. § 1654] does not allow for unlicensed laymen to represent anyone else other than themselves.") (citation omitted).

Choi and Pak signed the notice of appeal and could have prosecuted their appeal pro se. Alternatively, they could have retained a lawyer admitted to appear before this Court. Instead, they chose Ben-Zvi to represent them. Purportedly acting as their "attorney-in-fact," Ben-Zvi has listed himself as lead counsel of record and has made multiple filings on Choi and Pak's behalf. Because these filings were made by a non-party to this litigation who has no authority to appear before this Court in a representative capacity, they will be stricken from the record.

It follows that Choi and Pak have failed to comply with the Federal Rules of Appellate Procedure and our Local Rules requiring parties to file conforming briefs in a timely fashion. See, e.g., Fed. R. App. P. 31; Local Rule 31.2(d). As a result, their appeal is dismissed for failure to prosecute.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court. All pending motions are hereby **DENIED AS MOOT**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3